IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIR TRANSPORT INTERNATIONAL, INC. as fiduciary of the AIR TRANSPORT INTERNATIONAL, INC. WELFARE PLAN | § § § § § | |
| | § | CIVIL ACTION NO. 3:18-cv-3138 |
| V. | § § | |
| $72,193.51 in settlement funds For Jane Ferguson-Suter, a/k/a Jane E. Suter, Deceased | § § § § | |

_____

**PETITIONER'S ORIGINAL COMPLAINT**
_____

COMES NOW Air Transport International, Inc. as Fiduciary of the Air Transport International, Inc. Welfare Plan, Petitioner herein, and files this Original Complaint, and in support thereof would show unto the Court as follows:

This is an action for equitable relief arising under the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §1001 et seq. Specifically, Plaintiff seeks equitable relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

**I.**

**PARTIES**

1.  Petitioner is a fiduciary of the Air Transport International, Inc. Welfare Plan. Air Transport International, Inc. is a foreign corporation with its principal place of business in Wilmington, Ohio. The Air Transport International, Inc.

Welfare Plan is a self-funded group welfare plan established and maintained under ERISA. All benefits are paid from a fund established through employer and participating employee contributions. None of the benefits are paid through an insurance policy.

2. Jane Ferguson-Suter, a/k/a Jane E. Suter, was a resident of the State of Texas on August 18, 2016, when she was involved in an accident with a third party. Ms. Ferguson-Suter passed away after reaching a settlement for her personal injuries from the August 18, 2016 accident. No probate has been established for the estate of Ms. Ferguson-Suter, nor is one expected.

3. The Law Offices of Dean Malone (via its trust account) is in possession of the $72,193.51 settlement funds at issue. The Law Offices of Dean Malone is not asserting an interest in the $72,139.51.

## II.
## JURISDICTION

4. This Court has original and exclusive jurisdiction over Petitioner's claim for appropriate equitable relief and to enforce the terms of an ERISA plan pursuant to §502(a)(3), 29 U.S.C. §1132(a)(3) and ERISA §502(e)(1), 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

## III.
## FACTUAL BACKGROUND

5. The Air Transport International, Inc. Welfare Plan (sometimes referred to herein as "the Plan") provides healthcare benefits to certain employees of Air Transport International, Inc., their spouses and dependents, including Jane Ferguson-Suter, as covered persons.

6. The Plan contains a provision requiring a covered person who has a medical injury, illness or condition that is caused by a third party, and who recovers from such third party, or an insurance carrier, to immediately repay the Plan for the medical expenses paid by the Plan.

7. The Plan provides that it shall have a first priority right to reimbursement from any settlement received by a plan participant. This right is for first priority lien against any settlement benefits, and provides for 100% reimbursement, without any reduction for attorneys fees or when the plan participant is not made whole by the settlement. Benefits provided under the Plan are fully funded directly by the employer and participating employee contributions, not through any insurance carrier. Air Transport International, Inc. is the Plan Administrator, and has delegated claims administration of the Plan to a third party administrator, United Healthcare; however, the third party administrator does not insure the plan. United Healthcare processes claims under the Plan pursuant to the terms of the plan, and pays claims with the Plan's funds, not insurance funds.

8. On August 18, 2016, Jane Ferguson-Suter was involved in an accident caused by the negligence of a third party ("the accident"). As a result of the accident, Ms. Ferguson-Suder sustained personal injuries requiring medical treatment. Ms. Ferguson-Suder was a Plan participant on the date of the accident. The Plan paid $72,193.51 for certain medical treatment due to the injuries incurred in the accident.

9. Ms. Ferguson-Suter was represented for her personal injuries in the accident by The Law Offices of Dean Malone. A settlement was reached and a

settlement check was issued for the personal injuries sustained in accident. The settlement check was deposited into the IOLTA account of The Law Office of Dean Malone. Ms. Ferguson-Suter passed away after the settlement funds were received.

10. The settlement funds are in the possession of the Law Office of Dean Malone (via its trust account). These funds rightfully belong in good conscience to the Plan. However, the Law Office of Dean Malone cannot release the $72,193.51 without a court order, due to the death of his client.

11. The ERISA statute at 29 U.S.C. § 1104(1) creates a "prudent man" standard for a fiduciary to discharge its duties solely in the interests of the participants and beneficiaries, for providing benefits, defraying costs…and in accordance with the terms of the plan documents. Petitioner therefore has a fiduciary duty to protect Plan assets, which includes reimbursement payments from settlements.

12. The ERISA plan creates an equitable lien by agreement. When such a lien exists, the constructive lien is placed against settlement funds at the moment they are identified, thus transferring title to those funds instantly to the Plan at the moment the settlement funds come into existence. *Sereboff v. Mid Atlantic Medical Service. Inc.,* 547 U.S. 356, 126 S. Ct. 1869, 164 L.Ed.2d 612 (2006).[1] Moreover, once the title transfers to the ERISA Plan at the moment funds are identified, the plan member cannot then transfer those funds to another party because the member's rights to receive the funds are subordinate to the Plan's

---

[1] See discussion in pages 363-364, tracing the history of the equitable doctrine, and relying upon *Barnes v. Alexander,* 232 U.S. 117, 34 S.Ct. 276, 58 L.Ed. 530 (1914).

PETITIONER'S ORIGINAL COMPLAINT                                                                                          Page 4

equitable lien. *ACS Recovery Services, Inc. v. Griffin*, 723 F.3d 518, 528 (5Th Cir. 2013).

13. Finally, when a self-funded ERISA plan requires complete reimbursement and clearly disclaims the common fund and made whole doctrines, the terms of the plan will be enforced as written, and the plan is entitled to full reimbursement. *US Airways v. McCutchen*, 133 S.Ct. 1537 (2013).

## IV.

## CLAIMS
## COUNT 1—ENFORCEMENT OF ERISA PLAN TERMS

14. Paragraphs 1 through 13 are hereby incorporated as if fully set forth herein.

15. Pursuant to §1132(a)(3), the Plaintiff seeks equitable relief to enforce the terms of the ERISA Plan.

16. Upon information and belief, the Law Office of Dean Malone (via its trust account) is in actual possession of settlement proceeds, and is therefore in possession of funds that as a matter of equity and good conscience belong to the Plan.

## COUNT 2--RIGHT OF REIMBURSEMENT

17. Paragraphs 1 through 16 are hereby incorporated as if fully set forth herein.

18. The Plan contains the following provisions:

## SECTION 11 - SUBROGATION AND REIMBURSEMENT[2]

> **...** The right to reimbursement means that if a third party causes or is alleged to have caused a Sickness or Injury for which you receive a settlement, judgment, or other recovery from any third party, you must use those proceeds to fully return to the Plan 100% of any Benefits you received for that Sickness or Injury....

The following persons and entities are considered third parties:

> • a person or entity alleged to have caused you to suffer a Sickness, Injury or damages, or who is legally responsible for the Sickness, Injury or damages;
> • any insurer or other indemnifier of any person or entity alleged to have caused or who caused the Sickness, Injury or damages;...

You agree as follows:

> • The Plan has a first priority right to receive payment on any claim against a third party before you receive payment from that third party. Further, the Plan's first priority right to payment is superior to any and all claims, debts or liens asserted by any medical providers, including but not limited to Hospitals or emergency treatment facilities, that assert a right to payment from funds payable from or recovered from an allegedly responsible third party and/or insurance carrier.
>
> • The Plan's subrogation and reimbursement rights apply to full and partial settlements, judgments, or other recoveries paid or payable to you or your representative, no matter how those proceeds are captioned or characterized. Payments include, but are not limited to, economic, non-economic, and punitive damages. The Plan is not required to help you to pursue your claim for damages or personal injuries and no amount of associated costs, including attorneys' fees, shall be deducted from the Plan's recovery without the Plan's express written consent. No so-called "Fund Doctrine" or "Common Fund Doctrine" or "Attorney's Fund Doctrine" shall defeat this right....
>
> • If you receive any payment from any party as a result of Sickness or Injury, and the Plan alleges some or all of those funds are due and owed to the Plan, you shall hold those funds in trust, either in a separate bank account in your name or in your attorney's trust.. account. You agree that you will serve as a trustee over those funds to the extent of the Benefits the Plan has paid...
>
> • In the case of your wrongful death or survival claim, the provisions of this section apply to your estate, the personal representative of your estate, and your heirs or beneficiaries.

---

[2] (Font size and bold font in original).

PETITIONER'S ORIGINAL COMPLAINT                                                                Page 6

> • No allocation of damages, settlement funds or any other recovery, by you, your estate, the personal representative of your estate, your heirs, your beneficiaries or any other person or party, shall be valid if it does not reimburse the Plan for 100% of its interest unless the Plan provides written consent to the allocation.[3]

19.     As shown above. the Plan specifically provides a first priority right of 100% reimbursement from third party settlements, imposes an equitable lien by agreement and constructive trust over any settlement funds; and disclaims the made whole and common fund doctrines.

## V.
## DAMAGES

20.     To enforce the ERISA Plan terms, the Plan seeks appropriate equitable relief, pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), in the form of (1) the imposition of a constructive trust and equitable lien in favor of the Plan upon the settlement funds in possession of the Law Office of Dean Malone; (2) a declaration of the Plan's ownership of the $72,193.51 in settlement proceeds; and (3) an order directing the Law Office of Dean Malone to pay or turn over such proceeds to the Plan, and directing it to execute any documents or instruments necessary to transfer legal title of the funds to the Plan.

## VI.
## PRAYER

21.     For these reasons, Petitioner respectfully asks that the Court:

    a)   impose a constructive trust and equitable lien in favor of Plaintiff against the settlement proceeds;

---

[3] Pages 87-88 of the Plan.
PETITIONER'S ORIGINAL COMPLAINT                                             Page 7
K:\246\24644\Pleadings\complaint.docx

b)   declare Petitioner the owner of the settlement proceeds;

c)   order the Law Office of Dean Malone to turn over the $72,193.51 in settlement proceeds held in its trust account;

d)   enter judgment for Petitioner; and

e)   grant any other further equitable relief which the Court deems appropriate.

                            Respectfully submitted,

                            /s/ Laura D. Schmidt
                            Laura D. Schmidt
                            Texas Bar No. 22142300
                            DOWNS & STANFORD, P.C.
                            2001 Bryan Street, Suite 4000
                            Dallas, Texas 75201
                            Telephone:   (214) 748-7900
                            Facsimile:   (214) 748-4530
                            ldschmidt@downsstanford.com
                            **ATTORNEYS FOR PETITIONER**

## **CERTIFICATE OF SERVICE**

 This is to certify that a true and correct copy of the foregoing instrument has been served upon the following by the method indicated:

Dean Malone
LAW OFFICES OF DEAN MALONE
Founders Square
900 Jackson St., Ste. 730
Dallas, TX 75201
By fax 214-670-9904
and email dean@deanmalone.com


Courteney Elizabeth Suter
5225 Maple Ave, Apt 2405
Dallas,TX 75235-8446
By Certified Mail, Return Receipt Requested


             /s/  Laura D. Schmidt
            Laura D. Schmidt